IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00058-MR-DLH-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MIKE PAIGE, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 185], which the Court construes as a motion for jail credit.

The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must

be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 185], which the Court construes as a motion, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 8, 2016

Martin Reidinger
United States District Judge