THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:14-cr-00058-MR-WCM-5

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| MIKE PAIGE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion to Terminate Supervised Release [Doc. 208].

On January 23, 2019, the Defendant was charged with violating the term of his supervised release. [Doc. 191]. The Defendant was taken into federal custody that day. [See Docket Note entered Jan. 23, 2019 indicating Defendant's self-surrender]. The Defendant's term of supervised release was revoked on March 4, 2019, and he was sentenced to a term of five months' imprisonment to be followed by 36 months of supervised release. [Doc. 198]. The Defendant was released from the custody of the Bureau of Prisons on June 21, 2019.[1] In October 2019, the Defendant was convicted

---
[1] See www.https://bop.gov.inmateloc/ (last visited July 29, 2020).

of being a habitual felon and of attempted larceny in a North Carolina state court and was sentenced to a maximum term of six years' imprisonment. The Defendant is currently incarcerated at Mountain View Correctional Institution.[2]

The Defendant now moves the Court to exercise its discretion and terminate his term of federal supervised release. [Doc. 208].

The Court may, after considering the relevant § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…." 18 U.S.C. § 3583(e)(1). In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. Here, the Defendant is currently incarcerated by the State of North Carolina. He has not completed at least one year of his newly imposed supervised release term. Moreover, the Court is not satisfied that termination is warranted at this time. Accordingly, the Defendant's request to terminate his term of supervised release is denied.

---

[2] See https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last visited July 29, 2020).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Terminate Supervised Release [Doc. 208] is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge